# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RIMA JONES**                                                                                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:07-CV-493-H**

**U.S. BANKRUPTCY COURT et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Rima Jones, filed a *pro se*, *in forma pauperis* complaint under the Federal Tort Claims Act (FTCA) and 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

In her complaint, Plaintiff states that she is a "previous creditor." She sues the Bankruptcy Court for the Western District of Kentucky for judicial, prosecutorial, and legal misconduct; ethics and civil rights violations; miscarriage of justice; and discrimination. She cites the FTCA, alleging that federal court employees failed to notify her and her attorney of record about the filing of Chapter 7 bankruptcy on January 12, 2004, by Elexia McGowan, which she asserts should have been bankruptcy under Chapter 13. Plaintiff states that she has been damaged in the amount of $100,000, and she wants a restraining order on the bankruptcy court and Defendants Does 1-10 to restrain further actions of irresponsibility, negligence, and ignorance.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

A.     FTCA

Plaintiff does not attach any evidence of administrative exhaustion of her FTCA claim.[1]

---

[1] The United States, through counsel, has filed a motion to dismiss the complaint (DN 7). The United States argues that because no constitutional violations are laid out in the complaint the complaint sounds only in tort and that those tort claims must be dismissed for lack of jurisdiction as Plaintiff failed to exhaust her administrative remedies. Attached is the declaration of Robert P. Deyling, Assistant General Counsel of the Administrative Office of the United States Courts, who declares that he has examined the pertinent records and determined that Plaintiff never submitted any administrative claim under the FTCA.

A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing an action in federal court. 28 U.S.C. § 2675(a). That statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

*Id.* (emphasis added). The requirement that an administrative claim be filed as a prerequisite to filing a civil action under the FTCA is jurisdictional. *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996) (dismissal proper for lack of jurisdiction under FTCA where plaintiff did not allege he had filed an administrative claim); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (per curiam). Consequently, Plaintiff's FTCA claim will be dismissed as frivolous.

**B.     § 1983**

Plaintiff's complaint does not allege a violation or violations of her constitutional rights except for her bald assertion that she was damaged by, among other things, "civil rights violations." Such an unsupported assertion is not sufficient to state a claim for relief under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Consequently, Plaintiff's § 1983 claim will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

Date:




cc:     Plaintiff, *pro se*
        U.S. Attorney
4412.009